| United States District Court | Southern District of Texas |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
October 01, 2021
Nathan Ochsner, Clerk

Miguel Amador Gonzalez, *et al.*, §
§
    Plaintiffs, §
§
*versus* §     Civil Action H-21-2671
§
Harris County, *et al.*, §
§
    Defendants. §

## Opinion on Partial Dismissal

1. *Background.*

On April 29, 2020, Officers Nathaniel Dillard and Mendella Carter of Harris County Constable's Precinct 4 arrived at Miguel Gonzalez's house to respond to a noise complaint. Gonzalez speaks Spanish. After talking with a house guest serving as a translator, Gonzalez lowered the volume of the music, and the officers left.

After receiving a second noise complaint, the officers returned – this time with Deputy Singh who speaks some Spanish. Gonzalez spoke to the officers from inside of his home with the front door open. Dillard attempted to issue a citation for disorderly conduct. Gonzalez refused to sign the citation. Dillard then entered the home to arrest Gonzalez, and an altercation began. When Officer Carter entered the home, she made contact with K.M. who fell to the floor.

On August 16, 2021, Gonzalez, individually and as next friend of K.M., sued Harris County, Harris County Constable's Precinct 4, Dillard, and Carter for: (a) excessive force under section 1983; (b) false arrest under section 1983; (c) equal protection; and (d) under the Texas Tort Claims Act. The defendants have moved for partial dismissal. They will prevail.

2. *Harris County Constable's Precinct 4.*

Harris County Constable's Precinct 4 is not a jurisdictional entity that can be sued as a matter of law. It will be dismissed.

3. *Texas Tort Claims Act.*

To state a claim under the Texas Tort Claims Act, Gonzalez must have adequately pleaded facts that the officers, in the course and scope of their jobs, caused him personal injury by using the County's personal property.[1] The Act does not apply to claims arising out of an intentional tort.[2]

Gonzalez says that Dillard "was reckless and/or negligent in his use of his department-issued metal handcuffs used in the unlawful arrest." He argues that Dillard's positioning of the handcuffs near his head was distinct from the excessive force and arrest when he tackled Gonzalez.

Gonzalez's artful attempt at pleading a negligence claim is illogical. Dillard tackling Gonzalez and handcuffing him – which incidentally may have cut Gonzalez's head – are all the single act of force of the arrest. Dillard intentionally used the handcuffs. The analogous tort is a battery. There is no negligent battery.

Gonzalez's claim under the Texas Tort Claims Act will be dismissed.

4. *Equal Protection.*

To state a claim under the Equal Protection clause, Gonzalez must have adequately pleaded facts that the County and its officers intentionally discriminated against him because he was Cuban and Hispanic or Latino.[3]

---

[1] Texas Civ. Prac. & Rem. Code §§ 101.021(2), 101.0215(1), (7).

[2] *Quinn v. Guerrero*, 863 F.3d 353 (5th Cir. 2017).

[3] *Hampton Co. Nat'l Surety, LLC v. Tunica Cty., Miss.*, 543 F.3d 221, 228 (5th Cir. 2008).

Gonzalez says that Dillard intentionally discriminated against him because of his "apparent attitude of condescension at [Gonzalez's] inability to speak English." He also insists that the County has a discriminatory custom of "using unqualified interpreters and ... fail[ing] to train officers to properly use interpreters." Gonzalez states that the officers knew he was Hispanic or Latino because of their first encounter when he only spoke Spanish.

Gonzalez has not pleaded facts that support this claim. Legal conclusions of intent with speculation and assumptions is insufficient. Gonzalez gives no facts to suggest that the officers were required to bring a translator with them. The fact that the officers decided to bring an officer that spoke Spanish the second time is not discriminatory. The officers were trying to be accommodating. He also gives no facts that the officers knew he was Cuban.

Gonzalez's Equal Protection claim will be dismissed.

5.   *Municipal Liability.*

To state a municipal liability claim, Gonzalez must have adequately pleaded facts that the County had: (a) an official policy or custom; (b) by a policymaker; and (c) that was the moving force behind his constitutional violation.[4] The custom must be a persistent, widespread practice.[5]

To state a claim for failure to train, Gonzalez must have adequately pleaded facts of: (a) inadequate training procedures; (b) causation; and (c) deliberate indifference of the County to the consequences of their training procedures.[6]

Gonzalez says that the County has an unconstitutional custom of using unqualified interpreters. He insists that the County Commissioners Court is the

---

[4] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

[5] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

[6] *Id.* at 331.

policymaker, and it "failed to provide Limited English Proficiency Plan to establish Constable Precinct 4's policies for providing prompt and effective communication between department personnel and individuals in need of police services." Gonzalez argues that is was the moving force behind his violations.

He also claims that the County "failed to adequately train its officers to handle language barriers while in the field." Gonzalez says that "Dillard should have been trained to allow interpreters to finish their translations to prevent further miscommunications." Dillard's "lack of training caused the miscommunication that was the catalyst for ... [Gonzalez's] injuries." He insists that the County was deliberately indifferent because "the lack of knowledge on how to work with an interpreter is likely to result in the highly predictable consequence that [his] constitutional rights would be violated due to miscommunication."

Gonzalez gives no facts that the policymaker was deliberately indifferent other than vague legal conclusions.

He does not offer specific facts of other instances involving police interacting with citizens where interpreters were used or needed nor how long or frequent they occur. The only arguable prior instance that Gonzalez has pleaded is a 2010 case about an indigent litigant not being given an interpreter in a civil family court proceeding. He gives no compelling argument why that is similar in any way to this case. They are clearly completely distinct matters. Gonzalez otherwise gives no other instances that would suggest a pattern with the similarity, specificity, and numerosity required.[7]

Gonzalez's argument also relies on Chapter 57 of the Texas Government Code to suggest that the County had to have qualified interpreters with its officers at all time – even referring to qualified interpreters as another tool for an officer to use. Chapter 57 is about licensing requirements for court-appointed interpreters in criminal cases. Front-line law enforcement and structured court

---

[7] *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396-97 (5th Cir. 2017).

proceedings are so drastically different as to make this comparison illogical. Gonzalez's suggestion that officers be required to have qualified interpreters with them at all times is completely impractical. His attempt to stretch liability under section 1983 beyond constitutional limits fails.

For his failure to train argument, Gonzalez gives no facts of defects in any training program or of a similar patter of constitutional violations by untrained employees. Legal conclusions and vague assertions of deliberate indifference are inadequate.

Gonzalez's section 1983 claims against the County will be dismissed.

His claims against the officers in their official capacity are inextricably claims against the county.[8] Gonzalez's claims against Officers Dillard and Carter in their official capacity will be dismissed.

6. *Punitive Damages.*

Punitive damages are not recoverable under section 1983. Gonzalez has also abandoned his seeking of punitive damages. His punitive damages claim will be dismissed.

7. *Conclusion.*

Miguel Gonzalez's claims – individually and as next friend of K.M. – against: (a) Harris County Constable's Precinct 4; (b) Harris County; and (c) Nathaniel Dillard and Mendella Carter – in their official capacities only – will be dismissed.

Gonzalez's Texas Tort Claim Act, Equal Protection, and punitive damages claims will also be dismissed.

Signed on October __1__, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[8] *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).