UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
January 05, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| Miguel Amador Gonzalez, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action H-21-2671 |
| Harris County, *et al.*, | § § § | |
| Defendants. | § | |

# Opinion on Dismissal

1.   *Background.*

On April 29, 2020, Officers Nathaniel Dillard and Mendella Carter of Harris County Constable's Precinct 4 arrived at Miguel Gonzalez's house responding to a noise complaint. Gonzalez speaks Spanish. After talking with a house guest serving as a translator, Gonzalez lowered the volume of the music, and the officers left.

After receiving a second noise complaint, the officers returned – this time with Deputy Singh who speaks some Spanish. Gonzalez spoke to the officers from inside of his home with the front door open. Dillard issued a citation for disorderly conduct. Gonzalez refused to sign the citation. Dillard then entered the home to arrest Gonzalez, and an altercation began. When Officer Carter entered the home, she made contact with K.M. who fell to the floor.

On August 16, 2021, Gonzalez and Madelyne Martinez, as next friend of K.M., sued Dillard and Carter for excessive force and false arrest under section 1983. The defendants have moved to dismiss for failing to have stated a claim. They will prevail.

2. *Qualified Immunity.*

To defeat qualified immunity, Gonzalez must have adequately pleaded facts of: (a) a violation of a clearly established constitutional right; and (b) the officers' actions were objectively unreasonable considering the clearly established law at the time.[1] To be clearly established, Gonzalez must point to controlling authority or a consensus of persuasive authority that defines the right with particularity.[2] The officers' actions are objectively reasonable unless all reasonable officers in their position would have known they violated Gonzalez's rights.[3]

3. *Excessive Force.*

To state a claim for excessive force, Gonzalez must have adequately pleaded facts of: (a) an injury; (b) caused by a clearly excessive use of force; and (c) the excessiveness was clearly unreasonable.[4] Reasonableness depends on the facts the officer knew at the time.[5] The court may consider the severity of the crime, the threat posed by the suspect, and whether the suspect is resisting or evading arrest.[6]

This standard generally does not apply to third-party bystanders who are hurt by officers as they are arresting another person.[7] To be a constitutional violation, the third-party injuries must have been caused by the officers' malice or sadism.[8]

---

[1] *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004).

[2] *Morgan v. Swanson*, 659 F.3d 359, 371-72 (5th Cir. 2011).

[3] *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001).

[4] *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007).

[5] *See Collier v. Montgomery*, 569 F.3d 214, 218-19 (5th Cir. 2009).

[6] *Graham v. Connor*, 490 U.S. 386 (1989).

[7] *Brower v. County of Inyo*, 489 U.S. 593, 596 (1989).

[8] *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

A.  *Miguel Gonzalez.*

Gonzalez says that he was injured – "a laceration to his head resulting in a mild traumatic brain injury and a swollen knee that required surgery" – when the officers "tackl[ed] him to the ground, hit[] him on the head, and kick[ed] him on the knee." He argues that the force was unreasonable because the crime of evading arrest is just a misdemeanor, he did not have a weapon, and he did not threaten the officers. He insists that his conduct did not justify the force because he agreed to go with the officers, and he did not run away.

Gonzalez attempts to characterize the facts to make the officers' conduct unreasonable. Objectively viewing the facts pleaded reveals a man who – after being told he would be handcuffed – turned away from the officers into the house. The officers cannot read his mind to know why he was going into the house. The officers were reasonable in arresting him, and, while their means in arresting him were not ideal, they were merely negligent at worst. Gonzalez has not pleaded facts to suggest it was anything more – or that all officers in the same situation would have found the conduct unreasonable.

Miguel Gonzalez's excessive force claim will be dismissed.

B.  *K.M.*

Gonzalez says that "K.M. was hit on the head and diagnosed with mild traumatic brain injury" because of "the officers' malice and sadism." He argues that Dillard acted maliciously because he was "aggravated, frustrated, and aggressive and began cussing at ... Gonzalez," and Gonzalez had reported the officers to a lieutenant.

The cases that Gonzalez gives to say that the law is clearly established are inadequate as they are either non-binding, decided after the events of this case, or factually unpersuasive.

Gonzalez argues that Dillard acted maliciously toward him but that Carter was the one that pushed K.M. This factual disconnect weakens the claim. The officers were trying to do their job, and the confusion caused by the language barrier and his retreat into his house led to tension. This reasonable frustration clearly does not rise to the level of malice or sadism. It is unfortunate that K.M. was injured during the arrest, but facts were not pleaded to support a constitutional violation.

K.M.'s excessive force claim will be dismissed.

4.   *False Arrest.*

Under the Fourth Amendment, a warrantless arrest must be based on probable cause.[9] Probable cause exists if, by looking at the facts available to the officer at the time, a reasonably prudent person would believe a crime is, has been, or will be committed.[10] It only requires a fair probability of criminal activity.[11] Fair probability must be more than a bare suspicion but need not be a preponderance.[12] Probable cause still exists when the officer knew of facts to reasonably justify the belief of a crime being committed – whether he charged the suspect with the crime or probable cause was later found to not exist.[13]

A person commits misdemeanor evading arrest "if he intentionally flees from a person he knows is a peace officer ... attempting lawfully to arrest or detain him."[14] A person commits misdemeanor disorderly conduct "if he intentionally or knowingly ... makes unreasonable noise ... in or near a private residence that he has no right to occupy."[15]

Gonzalez says that "Dillard and Carter ... lacked probable cause to arrest him for evading arrest and disorderly conduct" because they "were dismissed due to no probable cause found." He insists that it "was unreasonable to charge Mr. Amador Gonzalez for disorderly conduct when even officer Dillard agreed the music was turned down."

Gonzalez argues that no reasonable officer could have believed that he was trying to evade arrest because before he was told he was being handcuffed, he agreed to go with them to see the judge for his citation, but he just wanted to change into dry clothes. He also says that it was unreasonable because the

---

[9] *Hogan v. Cunningham*, 722 F.3d 725, 731 (5th Cir. 2013).

[10] *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019).

[11] *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018).

[12] *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).

[13] *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009); *Forbes v. Harris County*, 804 Fed. App'x. 233, 237 (5th Cir. 2020).

[14] Texas Penal Code § 38.04(a).

[15] Texas Penal Code § 42.01(a)(5).

underlying crime was a misdemeanor, he was not a threat, he had guests, and there were three officers.

The fact that the charges were ultimately dropped is irrelevant. It was reasonable for the officers to issue a citation for disorderly conduct. They received two complaints about the music being too loud and had to go to the house twice to ask to turn it down. Gonzalez's subjective belief about his vindictive neighbor is irrelevant to the officers' calculus. Legal conclusions about the arrest being unreasonable are inadequate.

For the evading arrest charge, while the officers' actions may arguably have been questionable, Gonzalez has not pleaded sufficient facts that all reasonable officers in the same position would have known that there was no probable cause and that Gonzalez was not evading arrest. He has pleaded that there was confusion caused by the language barrier, he was told he was under arrest, and that he turned around to go back into his home. The officers are not clairvoyant to know his purpose for going back into the home but with the confusion it was reasonable to assume he was attempting to escape.

Because Gonzalez has not pleaded facts to overcome qualified immunity, his false arrest claim will be dismissed.

5. *Conclusion.*

The claims of Miguel Amador Gonzalez and Madelyne Martinez, as next friend of K.M., against Nathaniel Dillard and Mendella Carter will be dismissed.

Signed on January 4, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge